TENTH NATIONAL BANK v. DARRAGH *et al.*, appellants.

*Evidence — when declarations of principal not admissible against surety.*

M. was principal and D. surety upon a bond conditioned for the faithful performance by M. of his duties as teller of a bank. M. was a defaulter and the bank brought action on the bond against M. and D. *Held*, that admissions made by M., after he ceased to be teller and after the defalcation, were not admissible against D.

APPEAL from a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was brought upon a joint bond of indemnity executed by both defendants, Robert L. Darragh and Albert Marsh, in the sum of $5,000, conditioned for the faithful performance by the defendant Marsh of his duties as assistant receiving teller of the plaintiff. It is claimed by plaintiff that Marsh improperly applied to his own use $7,500 of the plaintiff's funds. At the close of the testimony the court directed the jury to find a verdict for the plaintiff for the amount of the penalty of the bond sued on, and interest. The material facts are stated sufficiently in the opinion.

*J. M. Dixon*, for appellant.

*E. L. Fancher*, for respondent.

DAVIS, P. J. This action was brought upon a bond given by Marsh, as principal, and Darragh, as surety, to secure to plaintiff the faithful performance of the duties of Marsh as an officer of the bank.

Marsh was guilty of a defalcation to an amount in excess of the penalty of the bond.

At the close of the trial the court directed a verdict for plaintiff for the penalty of the bond with interest. It cannot be said in this case that the jury were affected by the alleged improper evidence, because the direction of the court relieved the jury from the consideration of any evidence. The substantial question, therefore, is, whether there was sufficient legal evidence to establish the liability of Darragh and justify the directions given by the court, independently of the unlawful evidence.

The court admitted, against defendant's objection and exception, the declarations or admissions of Marsh showing his defalcation, made long after the transaction, and after he ceased to be an officer of the bank. The issue on trial was between Darragh and the plaintiff. Marsh was a party to this action, and had, as the record before us shows, been personally served; but whether he was in default, or the plaintiff was entitled for any reason to assess damages against him, or was in fact engaged in doing so at the trial, neither appears in the record nor was suggested on the trial. The fact that a joint judgment was afterward entered against both defendants shows nothing, as that was a proper form of making up the judgment, whether Marsh had been served or not.

It is therefore not a sufficient reason to say that the admissions were proper evidence against Marsh, and should be regarded as having been received only on an assessment of damages against him. Darragh alone appeared by his counsel, and the objections he made to the admissibility of the declarations of Marsh must be regarded as presenting the question of their competency against him, especially in the absence of any suggestion at the trial of an assessment against Marsh.

But, if the court could now see that a clear case, establishing the alleged breach of the bond, was proved against Darragh, exclusive of the admissions of Marsh, there would be no difficulty in upholding the verdict and judgment, because, no jury having been affected by such improper evidence, the court will be presumed to have acted in directing the verdict upon the requirements of the legal evidence.

It is not disputed that the admissions of Marsh, made after he ceased to be an officer of the bank and after the defalcation, were incompetent against his surety. The law on that subject is well settled. 1 Greenl. Ev., § 187; 1 Phill. Ev. 194, 195, 201, 525, and cases there cited; *Smith* v. *Whittington*, 6 Car. & P. 78 ; *Moore* v. *Meacham*, 10 N. Y.

207. But if the fact of the defalcation and of its amount had been clearly shown, irrespective of the admissions, we could wholly disregard them for the purpose of upholding the recovery. A careful examination of the case shows, however, that this material fact was not made out (although some evidence tending to establish it was given), without resorting to and applying the admissions of Marsh, made after his discharge from the bank and after he ceased to be competent to charge his surety by acts or admissions. There was perhaps evidence enough to have gone to the jury upon the question, because they might have found that Wemple's testimony related to admissions made while Marsh was still acting as an officer and under circumstances in which they would be admissible against the surety; but as the jury might also have found otherwise, without finding against the weight of evidence, the court cannot be said to be justified in directing a verdict against the objection and exception of defendant.

There must be a new trial, with cost to abide the event.

DONOHUE and DANIELS, JJ., concurred.

*Judgment reversed and new trial ordered.*